Frank v. Conradi.

---

## JOSEPH FRANK ET AL. v. JOHN CONRADI ET AL.

A landlord who contracts with his tenant to attend to all the repairs of the demised premises is only required to exercise reasonable diligence in ascertaining what repairs are necessary, and in making such repairs as due inspection would show to be proper. He does not by his contract guaranty that the premises will never in fact be out of repair.

---

In case. On rule to show cause why a verdict should not be set aside.

Argued at June Term, 1887, before BEASLEY, CHIEF JUS-
TICE, and Justices SCUDDER, DIXON and REED.

For the plaintiffs, *Samuel Kalisch.*

For the defendants, *A. Struble.*

The opinion of the court was delivered by

DIXON, J.   The testimony in this case warranted the find-
ing of the following facts : That in July, 1883, the defendants
let to the plaintiffs, for a residence, three rooms on the third
floor of No. 90 Morton street, Newark, with the right to use
for certain purposes a balcony extending along the rear of the
third story of Nos. 86, 88 and 90 Morton street; that the
landlords agreed to attend to all repairs; that the plaintiffs
occupied the premises from the letting until December 22d,
1884, when, while they were using the balcony to hang out
clothes—one of the authorized purposes—the rail of the bal-
cony broke, and they both fell to the ground, sustaining the
injuries for which this suit was brought ; that at the time of
the accident the rail had become somewhat rotten, and the
nails holding it were somewhat rusted, in consequence of which
the rail gave way under the strain ; and that the plaintiffs
were not chargeable with any contributory negligence.   Under
these circumstances, the trial justice charged the jury that if
they found that the landlords had contracted to make repairs
to the premises, and that the railing was at the time of the
accident in an unsafe and insecure condition for the purpose
for which it was used, then a *prima facie* case for the plain-
tiffs was shown.   The jury found in favor of the plaintiffs,
and their verdict is now before us on a rule to show cause why
a new trial should not be granted.

The charge of the court was, in effect, that the contract of
the landlords to make repairs, to attend to all repairs, was
equivalent to a guaranty that the premises should not become
unsafe or insecure through lack of repair.   It ignored any
inquiry as to whether the landlords were or by due diligence

would have been apprised that repair was needed. In this respect we think the landlords' duty was misinterpreted.

The contract did not require that the premises should be prevented from getting out of repair, but rather implied that they would be likely to become so. Nor did it expressly provide when, in such case, the landlords should restore the premises to good condition. Hence, to ascertain the time or times for making repairs, we must invoke the usual legal implication, applicable to contracts indefinite as to the time of performance, that they must be performed with reasonable diligence and promptness. This legal rule, applied to the present contract, imposed upon the landlords the duty of properly inspecting the premises and of making such repairs as a due inspection would show to be necessary. But it cannot be stretched so as to include an obligation to repair what a reasonable examination would not discover to be in need of repair. Such straining would deprive the rule of the very element which makes it applicable to contracts in general—the underlying idea of reasonableness. This principle does not at all trench upon the established rule of the common law, that express convenants bind the covenantors to do as they have agreed, if human power can accomplish it; for the principle does not touch the expressed terms of the contract, but only supplies that which the parties have omitted to provide for, and which, nevertheless, is requisite to render their verbal stipulations effectual.

The cases of *Leavitt* v. *Fletcher*, 10 *Allen* 119, and *Green* v. *Eales*, 2 *Q. B.* 225, illustrate the force of this principle in relation to agreements of this nature. In Leavitt *v.* Fletcher, the landlord had covenanted "to make all necessary repairs on the outside of the buildings." The roof of one of them—a carriage-house—fell from the weight of snow upon it, injuring the tenant's carriages. There was nothing to indicate that the roof, if actually in good repair, would not have sustained the weight, but it is plainly inferable that the roof seemed to be in proper condition. The court decided that the landlord was not answerable for the injuries occasioned by the fall, but was

bound to restore the roof. In Green *v.* Eales, the landlord had covenanted " to repair and keep in good and tenantable repair all the external parts of the demised premises." By reason of the removal of an adjoining building, one of the external walls of the leased building became unsafe and had to be taken down and rebuilt, and in the meantime the tenant was obliged to live elsewhere. Notwithstanding the landlord's covenant to keep the external parts in good repair, the court considered him entitled to a reasonable opportunity to make repairs, and held that he was not bound to bear the expense of finding the tenant another residence while the repairs went on.

In the present case, the question whether the landlords would by reasonable diligence have learned that the railing needed repair is important, for although the plaintiffs and many other tenants had frequent occasions for observing the condition of the railing, no one appears to have noticed that it was insecure.

The verdict should be set aside.